UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Zachary J. Zawatsky,

Plaintiff,

vs.

CA 07-484 S

LOWE'S Home Centers, Inc.,

Defendant.

---

# COMPLAINT

## Introduction

1. The Plaintiff, Zachary J. Zawatsky, brings this action against the Defendant, Lowe's Home Centers, Inc., to recover unpaid overtime compensation, liquidated damages, attorney fees and costs pursuant to the provisions of the federal Fair Labor Standards Act of 1938, as amended, (codified at 29 USC §201, *et. seq.*), and the Rhode Island Minimum Wage Act (codified at RIGL 28-12-1, *et. seq.*) and the Massachusetts overtime laws (codified at MGL 151 §1A, *et. seq.*). The unpaid overtime reduced the amount of money the Plaintiff could contribute to his 401(k) plan, reduced the 'matching' amount Lowe's contributed to that 401(k) plan, and ultimately reduced the value of the Plaintiff's 401(k) account. He therefore seeks compensation for those loses as well under statutory and common law theories.

## Parties/Jurisdiction/Venue

2. The Plaintiff, Zachary J. Zawatsky (Zawatsky), is, and at all times relevant to this litigation was, a resident of the City of East Providence, County of Providence, State of Rhode Island.

3. The Defendant, Lowe's Home Centers, Inc. (Lowe's), is a corporation organized and existing under the laws of the State of North Carolina, authorized to do business in, and doing business in, the states of Rhode Island and Massachusetts.

4. Jurisdiction over the federal claims in this action is conferred on this Court by Section 16(b) of the federal Fair Labor Standards Act of 1938 (the "Act" or "FLSA") (codified at 29 USC §216(b)), and by the provisions of 28 USC §1337 relating to civil actions arising under acts of Congress regulating commerce.

5. Supplemental jurisdiction over the state law claims in this action is conferred by 28 USC §1367 because the claims are so related to the federal FLSA claims that they form part of the same controversy.

6. Venue is proper in this Court because the Plaintiff is, and at all times relevant to this litigation was, a resident of Rhode Island, and because much of the conduct complained of took place in Rhode Island, and because Lowe's is a "resident" of Rhode Island as that term is defined in 28 USC §1391(b) and (c).

**Facts Common to All Counts**

7. At all times relevant to this litigation, Lowe's was an enterprise "engaged in commerce" within the meaning of Section 7(a) of the Act (codified at 29 USC §207(a)(1)).

8. From approximately late 2002 through approximately mid-2007, Lowe's employed Zawatsky.

9. During his employment with Lowe's, Zawatsky worked in Lowe's stores in Massachusetts and Rhode Island.

10. While he worked for Lowe's in Massachusetts and Rhode Island, Lowe's knew Zawatsky was a resident of Rhode Island.

11. As one of the terms and conditions of his employment, Zawatsky was allowed to contribute up to 6% of his earnings to a 401(k) plan Lowe's had established.

12. Zawatsky routinely contributed 6% of his earnings to the 401(k) plan.

13. As one of the terms and conditions of his employment, Lowe's agreed to match a portion of the contributions Zawatsky made to the 401(k) plan.

14. Lowe's paid Zawatsky based, in part, on the number of hours he worked each week.

15. In addition to the wages it paid Zawatsky based on the number of hours he worked each week, Lowe's paid Zawatsky additional compensation based on the volume and types of sales he generated for Lowe's.

16. Zawatsky routinely worked for Lowe's for more than 40 hours per week.

17. When Zawatsky worked more than 40 hours per week, Lowe's paid him for the hours over 40 at varying hourly rates that were **less than** one and one-half (1½) times his regular hourly rate.

**Count 1 – Federal FLSA Claim**

18. Zawatsky reasserts the facts and allegations contained in all the previous paragraphs and incorporates them into this Count.

19. Contrary to the requirements in Section 7(a) of the federal Fair Labor Standards Act (codified at 29 USC 207(a)), Lowe's failed to pay ZAwatsky at a rate equal to at least one and one-half (1½) times his regular hourly rate for the hours he worked each week in excess of 40.

20. Lowe's failure was willful and deliberate.

21. Zawatsky suffered damages as a result of Lowe's failure including lost wages, lost opportunity to contribute to the 401(k) plan, lost matching contributions to the 401(k) plan, and lost growth to his 401(k) plan account.

**Wherefore**, on this Count Zawatsky requests:

a. A judgment against Lowe's sufficient to compensate him for his damages;

b. A judgment against Lowe's for the overtime wages it failed to pay him for the 3 years preceding the filing of this Complaint pursuant to 29 USC 255(a);

c. A judgment against Lowe's for liquidated damages equal to the overtime wages it owes him pursuant to Section 16(b) of the Act (codified at 29 USC 216(b));

d. Reasonably attorney fees and costs pursuant to Section 16(b) of the Act (codified at 29 USC 216(b)); and

e. For such other relief as may be just and appropriate.

**Jury Demand**

Zawatsky request a trial by jury on this Count.

**Count 2 –Rhode Island State Law Wage Claim**

22. Zawatsky reasserts the facts and allegations contained in all the previous paragraphs and incorporates them into this Count.

23. Contrary to the requirements of RIGL 28-12-4.1, Lowe's failed to pay him at a rate equal to at least one and one-half (1 ½) times his regular hourly rate for the hours he worked on Sundays in Rhode Island and/or for the hours he worked each week in excess of 40 in Rhode Island.

24. Lowe's failure was willful and deliberate.

25. Zawatsky suffered damages as a result of Lowe's failure including lost wages, lost opportunity to contribute to the 401(k) plan, lost matching contributions to the 401(k) plan, and lost growth to his 401(k) plan account.

**Wherefore**, on this Count Zawatsky request:

a. A judgment against Lowe's sufficient to compensate him for his damages;

b. A judgment against Lowe's for the overtime wages it failed to pay him since it first employed him pursuant to 28-12-19;

c. Reasonably attorney fees and costs pursuant to RIGL 28-12-19;

d. Pre-judgment interest pursuant to RIGL 9-21-10; and

e. For such other relief as may be just and appropriate.

**Jury Demand**

Zawatsky request a trial by jury on this Count.

**Count 3 – Rhode Island Breach of Contract Claim**

26. Zawatsky reasserts the facts and allegations contained in all the previous paragraphs and incorporates them into this Count.

27. Zawatsky decided to work for Lowe's, and to continue to work for Lowe's, based in part on its promise to allow him to contribute up to 6% of his earnings to the 401(k) plan and on its promise to match a portion of his contributions to the 401(k) plan.

28. By underpaying him for his overtime, Lowe's reduced Zawatsky's earnings and therefore reduced the amount Zawatsky could contribute to the 401(k) plan to less than 6% of his earnings. In doing so, Lowe's broke its promise to Zawatsky.

29. By underpaying him for his overtime, and therefore reducing the amount Zawatsky could contribute to the 401(k) plan, Lowe's also reduced the amount of the matching money it had to contribute to Zawatsky's 401(k) account. In doing so, Lowe's broke its promise to Zawatsky.

30. Lowe's conduct described in this Count was willful and deliberate.

31. Zawatsky suffered damages as a result of Lowe's failure including lost opportunities to contribute to the 401(k) plan, lost matching contributions to the 401(k) plan and lost growth to his 401(k) plan account.

**Wherefore**, on this Count Zawatsky request:

a. A judgment against Lowe's sufficient to compensate him for his damages;

b. In the event Lowe's is defaulted or fails to raise a justiciable issue of either law or fact in defense of this Count, reasonably attorney fees and costs pursuant to RIGL 9-1-45;

c. Pre-judgment interest pursuant to RIGL 9-21-10; and

d. For such other relief as may be just and appropriate.

**Jury Demand**

Zawatsky request a trial by jury on this Count.

**Count 4 – Rhode Island Fraud Claim**

32. Zawatsky reasserts the facts and allegations contained in all the previous paragraphs and incorporates them into this Count.

33. Lowe's represented to Zawatsky that it would pay him in accordance with the applicable laws.

34. Lowe's represented to Zawatsky that it would allow him to contribute up to 6% of his earnings to the 401(k) plan.

35. Lowe's represented to Zawatsky that it would match a portion of his contributions.

36. Lowe's representations were material to Zawatsky's decision to work for, and continue to work for, Lowe's.

37. Zawatsky reasonably relied on Lowe's representations in deciding to work for, and continue to work for, Lowe's.

38. Lowe's representations were false.

39. Lowe's knew the representations were false.

40. Lowe's made the representations with reckless disregard for their truth.

41. Lowe's should have known its representations were false.

42. Lowe's made the representations with the intent of having Zawatsky rely on them.

43. Zawatsky suffered damages as a result of his reliance on Lowe's representations including lost opportunities to contribute to the 401(k) plan, lost matching contributions to the 401(k) plan and lost growth to his 401(k) plan account.

**Wherefore**, on this Count Zawatsky request:

a. A judgment against Lowe's sufficient to compensate him for his damages;

b. Pre-judgment interest pursuant to RIGL 9-21-10; and

c. For such other relief as may be just and appropriate.

**Jury Demand**

Zawatsky request a trial by jury on this Count.

**Count 5 – Rhode Island Negligent Misrepresentation Claim**

44. Zawatsky reasserts the facts and allegations contained in all the previous paragraphs and incorporates them into this Count.

45. Lowe's represented to Zawatsky that it would pay him in accordance with the applicable laws.

46. Lowe's represented to Zawatsky that it would allow him to contribute up to 6% of his earnings to the 401(k) plan.

47. Lowe's represented to Zawatsky that it would match a portion of his contributions.

48. Lowe's representations were material to Zawatsky's decision to work for, and continue to work for, Lowe's.

49. Zawatsky reasonably relied on Lowe's representations in deciding to work for, and continue to work for, Lowe's.

50. Lowe's representations were false.

51. If Lowe's had exercised due care, it would have known its representations were false.

52. Lowe's made the representations with negligent disregard for their truth.

53. Lowe's should have known its representations were false.

54. Lowe's made the representations intending for Zawatsky to rely on them.

55. Zawatsky suffered damages as a result of his reliance on Lowe's representations including lost opportunities to contribute to the 401(k) plan, lost matching contributions to the 401(k) plan and lost growth to his 401(k) plan account.

**Wherefore**, on this Count Zawatsky request:

a. A judgment against Lowe's sufficient to compensate him for his damages;

b. Pre-judgment interest pursuant to RIGL 9-21-10; and

c. For such other relief as may be just and appropriate.

**Jury Demand**

Zawatsky request a trial by jury on this Count.

**Count 6 –Massachusetts State Law Wage Claim**

56. Zawatsky reasserts the facts and allegations contained in all the previous paragraphs and incorporates them into this Count.

57. Contrary to the requirements of MGL 151 §1A, Lowe's failed to pay Zawatsky at a rate equal to at least one and one-half (1½) times his regular hourly rate for the hours he worked on Sundays in Massachusetts and/or for the hours he worked each week in excess of 40 in Massachusetts.

58. Lowe's failure was willful and deliberate.

59. Zawatsky suffered damages as a result of Lowe's failure including lost wages, lost opportunities to contribute to the 401(k) plan, lost matching contributions to the 401(k) plan, and lost growth to his 401(k) plan account.

**Wherefore**, on this Count Zawatsky request:

a. A judgment against Lowe's sufficient to compensate him for his damages;
b. A judgment against Lowe's for three (3) times the overtime wages it failed to pay him since it first employed him pursuant to MGL 151 §1B;
c. Reasonably attorney fees and costs pursuant to MGL 151 §1B;
d. Pre-judgment interest; and

e. For such other relief as may be just and appropriate.

**Jury Demand**

Zawatsky request a trial by jury on this Count.

**Count 7 – Massachusetts Breach of Contract Claim**

60. Zawatsky reasserts the facts and allegations contained in all the previous paragraphs and incorporates them into this Count.

61. Zawatsky decided to work for Lowe's, and to continue to work for Lowe's, based in part on its promise to allow him to contribute up to 6% of his earnings to the 401(k) plan and on its promise to match a portion of his contributions to the 401(k) plan.

62. By underpaying him for his overtime, Lowe's reduced Zawatsky's earnings and therefore reduced the amount Zawatsky could contribute to the 401(k) plan to less than 6% of his earnings. In doing so, Lowe's broke its promise to Zawatsky.

63. By underpaying him for his overtime, and therefore reducing the amount Zawatsky could contribute to the 401(k) plan, Lowe's also reduced the amount of the matching amount it had to contribute to Zawatsky's 401(k) account. In doing so, Lowe's broke its promise to Zawatsky.

64. Lowe's conduct described in this Count was willful and deliberate.

65. Zawatsky suffered damages as a result of Lowe's failure including lost opportunities to contribute to the 401(k) plan, lost matching contributions to the 401(k) plan and lost growth to his 401(k) plan account.

**Wherefore**, on this Count Zawatsky request:

a. A judgment against Lowe's sufficient to compensate him for his damages;
b. Pre-judgment interest; and
c. For such other relief as may be just and appropriate.

**Jury Demand**

Zawatsky request a trial by jury on this Count.

**Count 8 – Massachusetts Fraud Claim**

66. Zawatsky reasserts the facts and allegations contained in all the previous paragraphs and incorporates them into this Count.

67. Lowe's represented to Zawatsky that it would pay him in accordance with the applicable laws.

68. Lowe's represented to Zawatsky that it would allow him to contribute up to 6% of his earnings to the 401(k) plan.

69. Lowe's represented to Zawatsky that it would match a portion of his contributions.

70. Lowe's representations were material to Zawatsky's decision to work for, and continue to work for, Lowe's.

71. Zawatsky reasonably relied on Lowe's representations in deciding to work for, and continue to work for, Lowe's.

72. Lowe's representations were false.

73. Lowe's knew the representations were false.

74. Lowe's made the representations with reckless disregard for their truth.

75. Lowe's should have known its representations were false.

76. Lowe's made the representations with the intent of having Zawatsky rely on them.

77. Zawatsky suffered damages as a result of his reliance on Lowe's representations including lost wages, lost opportunities to contribute 6% of his earnings to the 401(k)

plan, lost matching contributions to the 401(k) plan and lost growth to his 401(k) plan account.

**Wherefore**, on this Count Zawatsky request:

a. A judgment against Lowe's sufficient to compensate him for his damages;

b. Pre-judgment interest; and

c. For such other relief as may be just and appropriate.

**Jury Demand**

Zawatsky request a trial by jury on this Count.

**Count 9 – Massachusetts Negligent Misrepresentation Claim**

78. Zawatsky reasserts the facts and allegations contained in all the previous paragraphs and incorporates them into this Count.

79. Lowe's represented to Zawatsky that it would pay him in accordance with the applicable laws.

80. Lowe's represented to Zawatsky that it would allow him to contribute up to 6% of his earnings to the 401(k) plan.

81. Lowe's represented to Zawatsky that it would match a portion of his contributions.

82. Lowe's representations were material to Zawatsky's decision to work for, and continue to work for, Lowe's.

83. Zawatsky reasonably relied on Lowe's representations in deciding to work for, and continue to work for, Lowe's.

84. Lowe's representations were false.

85. If Lowe's had exercised due care, it would have known its representations were false.

86. Lowe's made the representations with negligent disregard for their truth.

87. Lowe's should have known its representations were false.

88. Lowe's made the representations intending for Zawatsky to rely on them.

89. Zawatsky suffered damages as a result of his reliance on Lowe's representations including lost wages, lost opportunities to contribute 6% of his earnings to the 401(k) plan, lost matching contributions to the 401(k) plan and lost growth to his 401(k) plan account.

**Wherefore**, on this Count Zawatsky request:

a. A judgment against Lowe's sufficient to compensate him for his damages;

b. Pre-judgment interest; and

c. For such other relief as may be just and appropriate.

**Jury Demand**

Zawatsky request a trial by jury on this Count.

The Plaintiff,
By His Attorney,

John T. Longo, Esq.
RI Bar #4928
MA BBO# 632387
681 Smith Street, Suite 201
Providence, RI 02908
(401) 272-2177
Fax (401) 537-9185
jtlongo@yahoo.com