UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ZACHARY J. ZAWATSKY | : | |
| | : | |
| v. | : | C.A. No. 07-484-S |
| | : | |
| LOWE'S HOME CENTERS, INC. | : | |

**DEFENDANT LOWE'S HOME CENTERS, INC.'S ANSWER**
**AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Lowe's Home Centers, Inc. ("Lowe's") hereby responds to the allegations in Plaintiff's Complaint as follows:

**Introduction**

1. To the extent that the first sentence of paragraph 1 lists the statutory bases for Plaintiff's causes of action, no affirmative response is required. To the extent that the first sentence of paragraph 1 is an allegation that Lowe's violated the statutes referenced, that allegation is denied. Lowe's denies the remaining allegations in paragraph 1.

**Parties/Jurisdiction/Venue**

2. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3. Lowe's admits the allegations in paragraph 3.

4. Lowe's admits this Court has original jurisdiction over claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

5. Lowe's admits this Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

6. Lowe's admits that venue is proper in this Court on the basis that Lowe's is doing business in the State of Rhode Island. Lowe's denies the remaining allegations in paragraph 6.

**Facts Common to All Counts**

7. Lowe's admits the allegations in paragraph 7.

8. Lowe's admits that it employed Plaintiff from December 2, 2002 to June 7, 2007. Lowe's denies the remaining allegations in paragraph 8.

9. Lowe's admits the allegations in paragraph 9.

10. Lowe's is without sufficient information to admit or deny the allegations in paragraph 10.

11. Lowe's denies the allegations in paragraph 11.

12. Denied that Plaintiff routinely contributed six (6%) percent of his earnings to his 401(k) plan. Admitted that Plaintiff contributed two (2%) percent of his earnings to the plan beginning the pay period 04/23/2005 – 05/06/2005 and ending the pay period 04/28/2007 – 05/04/2007. Admitted that from the pay period 05/05/2007 to his termination of employment, Plaintiff contributed four (4%) percent of his earnings to the 401(k) plan.

13. Lowe's admits the allegations in paragraph 13.

14. Lowe's admits the allegations in paragraph 14.

15. Lowe's admits the allegations in paragraph 15.

16. Lowe's admits that Plaintiff worked more than 40 hours per week in some weeks. Lowe's denies the remaining allegations in paragraph 16.

17. Lowe's denies the allegations in paragraph 17.

**Count 1 – Federal FLSA Claim**

18. Lowe's incorporates and realleges it responses to paragraphs 1 through 17 as if fully set forth herein.

19. Lowe's denies the allegations in paragraph 19.

20. Paragraph 20 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 20.

21. Lowe's denies the allegations contained in paragraph 21.

WHEREFORE, Lowe's denies that Plaintiff's requested relief with respect to Count 1 is appropriate and respectfully requests that this Court:

(a) Enter judgment in favor of Lowe's on the claims set forth in Count 1 of Plaintiff's Complaint;

(b) Award Lowe's its costs, expenses and attorneys' fees; and

(c) Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Defendant Lowe's hereby demands a trial by jury on Count 1 of Plaintiff's Complaint.

**Count 2 – Rhode Island State Law Wage Claim**

22. Lowe's incorporates and realleges it responses to paragraphs 1 through 21 as if fully set forth herein.

23. Lowe's denies the allegations in paragraph 23.

24. Paragraph 24 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 24.

25. Lowe's denies the allegations in paragraph 25.

WHEREFORE, Defendant Lowe's denies that Plaintiff's requested relief with respect to Count 2 is appropriate and respectfully requests that this Court:

(a) Enter judgment in favor of Lowe's on the claims set forth in Count 2 of Plaintiff's Complaint;

(b) Award Lowe's its costs, expenses and attorneys' fees; and

(c) Grant such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Defendant Lowe's hereby demands a trial by jury on Count 2 of Plaintiff's Complaint.

## **Count 3 – Rhode Island Breach of Contract Claim**

26. Lowe's incorporates and realleges it responses to paragraphs 1 through 25 as if fully set forth herein.

27. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28. Lowe's denies the allegations in paragraph 28.

29. Lowe's denies the allegations in paragraph 29.

30. Paragraph 30 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 30..

31. Lowe's denies the allegations in paragraph 31.

WHEREFORE, Defendant Lowe's denies that Plaintiff's requested relief with respect to Count 3 is appropriate and respectfully requests that this Court:

(a) Enter judgment in favor of Lowe's on the claims set forth in Count 3 of Plaintiff's Complaint;

(b) Award Lowe's its costs, expenses and attorneys' fees pursuant to R.I. Gen. Laws § 9-1-45; and

(c) Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Defendant, Lowe's hereby demands a trial by jury on Count 3 of Plaintiff's Complaint.

**Count 4 – Rhode Island Fraud Claim**

32. Lowe's incorporates and realleges it responses to paragraphs 1 through 31 as if fully set forth herein.

33. Lowe's admits the allegations in paragraph 33.

34. Lowe's denies the allegations in paragraph 34.

35. Lowe's admits the allegations in paragraph 35.

36. Paragraph 36 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

37. Paragraph 37 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37.

38. Lowe's denies the allegations in paragraph 38.

39. Lowe's denies the allegations in paragraph 39.

40. Paragraph 40 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 40.

41. Paragraph 41 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 41.

42. Lowe's denies the allegations in paragraph 42.

43. Lowe's denies the allegations in paragraph 43.

WHEREFORE, Defendant Lowe's denies that Plaintiff's requested relief with respect to Count 4 is appropriate and respectfully requests that this Court:

(a) Enter judgment in favor of Lowe's on the claims set forth in Count 4 of Plaintiff's Complaint;

(b) Award Lowe's its costs, expenses and attorneys' fees; and

(c) Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Defendant, Lowe's hereby demands a trial by jury on Count 4 of Plaintiff's Complaint.

**Count 5 – Rhode Island Negligent Misrepresentation Claim**

44. Lowe's incorporates and realleges it responses to paragraphs 1 through 43 as if fully set forth herein.

45. Lowe's admits the allegations in paragraph 45.

46. Lowe's admits the allegations in paragraph 46.

47. Lowe's admits the allegations in paragraph 47.

48. Paragraph 48 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48.

49. Paragraph 49 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49.

50. Lowe's denies the allegations in paragraph 50..

51. Paragraph 51 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 51.

52. Paragraph 52 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 52.

53. Paragraph 53 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 53.

54. Paragraph 54 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 54.

55. Lowe's denies the allegations in paragraph 55.

WHEREFORE, Defendant Lowe's denies that Plaintiff's requested relief with respect to Count 5 is appropriate and respectfully requests that this Court:

(a) Enter judgment in favor of Lowe's on the claims set forth in Count 5 of Plaintiff's Complaint;

(b) Award Lowe's its costs, expenses and attorneys' fees; and

(c) Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Defendant, Lowe's hereby demands a trial by jury on Count 5 of Plaintiff's Complaint.

**Count 6 – Massachusetts State Law Wage Claim**

56. Lowe's incorporates and realleges it responses to paragraphs 1 through 55 as if fully set forth herein.

57. Lowe's denies the allegations in paragraph 57.

58. Paragraph 58 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 58.

59. Lowe's denies the allegations in paragraph 59..

WHEREFORE, Defendant Lowe's denies that Plaintiff's requested relief with respect to Count 6 is appropriate and respectfully requests that this Court:

(a) Enter judgment in favor of Lowe's on the claims set forth in Count 6 of Plaintiff's Complaint;

(b) Award Lowe's its costs, expenses and attorneys' fees; and

(c) Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Defendant, Lowe's hereby demands a trial by jury on Count 6 of Plaintiff's Complaint.

**Count 7 – Massachusetts Breach of Contract**

60. Lowe's incorporates and realleges it responses to paragraphs 1 through 59 as if fully set forth herein.

61. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61.

62. Lowe's denies the allegations in paragraph 62.

63. Lowe's denies the allegation in paragraph 63.

64. Paragraph 64 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 64.

65. Lowe's denies the allegations in paragraph 65.

WHEREFORE, Defendant Lowe's denies that Plaintiff's requested relief with respect to Count 7 is appropriate and respectfully requests that this Court:

(a) Enter judgment in favor of Lowe's on the claims set forth in Count 7 of Plaintiff's Complaint;

(b) Award Lowe's its costs, expenses and attorneys' fees; and

(c) Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Defendant, Lowe's hereby demands a trial by jury on Count 7 of Plaintiff's Complaint.

**Count 8 – Massachusetts Fraud Claim**

66. Lowe's incorporates and realleges it responses to paragraphs 1 through 65 as if fully set forth herein.

67. Lowe's admits the allegations in paragraph 67.

68. Lowe's admits the allegations in paragraph 68.

69. Lowe's admits the allegations in paragraph 69.

70. Paragraph 70 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70.

71. Paragraph 71 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71.

72. Paragraph 64 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 72.

73. Paragraph 73 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 73.

74. Paragraph 74 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 74.

75. Paragraph 75 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 75.

76. Lowe's denies the allegations in paragraph 76.

77. Lowe's denies the allegations in paragraph 77.

WHEREFORE, Defendant Lowe's denies that Plaintiff's requested relief with respect to Count 8 is appropriate and respectfully requests that this Court:

(a) Enter judgment in favor of Lowe's on the claims set forth in Count 8 of Plaintiff's Complaint;

(b) Award Lowe's its costs, expenses and attorneys' fees; and

(c) Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Defendant, Lowe's hereby demands a trial by jury on Count 8 of Plaintiff's Complaint.

**Count 9 – Massachusetts Negligent Misrepresentation Claim**

78. Lowe's incorporates and realleges it responses to paragraphs 1 through 77 as if fully set forth herein.

79. Lowe's admits the allegations in paragraph 79.

80. Lowe's denies the allegations in paragraph 80.

81. Lowe's admits the allegations in paragraph 81.

82. Paragraph 82 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82.

83. Paragraph 83 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83.

84. Paragraph 84 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 84.

85. Paragraph 85 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 85.

86. Paragraph 86 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 86.

87. Paragraph 87 states a legal conclusion for which no response is required. To the extent a response is required, Lowe's denies the allegations in paragraph 87.

88. Lowe's denies the allegations in paragraph 88.

89. Lowe's denies the allegations in paragraph 89.

WHEREFORE, Defendant Lowe's denies that Plaintiff's requested relief with respect to Count 9 is appropriate and respectfully requests that this Court:

(a) Enter judgment in favor of Lowe's on the claims set forth in Count 9 of Plaintiff's Complaint;

(b) Award Lowe's its costs, expenses and attorneys' fees; and

(c) Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Defendant, Lowe's hereby demands a trial by jury on Count 9 of Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state claims upon which relief may be granted, including reasonable attorney's fees, costs, pre-judgment interest and injunctive relief.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE

Plaintiff's Complaint violates the doctrine of exhaustion of administrative remedies in that Plaintiff has failed to exhaust his administrative remedies available under Rhode Island and Massachusetts law.

### FOURTH DEFENSE

The Complaint fails to allege facts sufficient to support a claim of breach of contract under Rhode Island law.

### FIFTH DEFENSE

The Complaint fails to allege facts sufficient to support a claim of fraud under Rhode Island law.

### SIXTH DEFENSE

The Complaint fails to allege facts sufficient to support a claim of negligent misrepresentation of the Rhode Island law.

### SEVENTH DEFENSE

The Complaint fails to allege facts sufficient to support a claim of breach of contract under Massachusetts law.

EIGHTH DEFENSE

The Complaint fails to allege facts sufficient to support a claim of negligent misrepresentation of the Massachusetts law.

NINTH DEFENSE

The Complaint fails to allege facts sufficient to support a claim of fraud under Massachusetts law.

TENTH DEFENSE

Plaintiff's Rhode Island state law wage claim, to the extent that it is based on Plaintiff's receipt of incentive wages, is barred by R.I. Gen. Laws § 28-12-5(d).

ELEVENTH DEFENSE

Plaintiff's Massachusetts state law wage claim, to the extent that it is based on Plaintiff's receipt of incentive pay based on sales, is barred by M.G.L.A. c.151 §1B.

TWELFTH DEFENSE

Plaintiff's claim fails as Defendant properly treated and compensated Plaintiff under the Fair Labor Standards Act ("FLSA") and relevant Department of Labor regulations, Rhode Island state law, and Massachusetts state law.

THIRTEENTH DEFENSE

Plaintiff's claim for damages fails as Defendant did not act willfully or with reckless disregard of applicable FLSA prohibitions or requirements, Rhode Island state law, or Massachusetts state law.

FOURTEENTH DEFENSE

Plaintiff's claim for liquidated damages must fail as Plaintiff cannot prove the propriety of liquidated damages and such damages are unavailable as a matter of law under the FLSA, Rhode Island state law and Massachusetts state law.

FIFTEENTH DEFENSE

During the relevant time period, Plaintiff had a clear mutual understanding and/or agreement that he would be compensated with a fixed weekly salary for all hours worked, whether many or few, plus an overtime premium for hours worked over 40 in a workweek, and therefore his claims fail.

To the extent that any of the foregoing allegations in the complaint have not been expressly admitted or denied, they are hereby denied. Lowe's hereby gives notice that it intends to rely upon any other defense that may become available or appear during or as a result of discovery proceedings in this action, and hereby reserves its right to amend its answer to assert each defense or defenses.

Defendant,
LOWE'S HOME CENTERS, INC.
By its attorneys,

*/s/ Robert P. Brooks*

ROBERT P. BROOKS (#3721)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 751-0604
rbrooks@apslaw.com
jlaporte@apslaw.com
Dated: February 6, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2008, a copy of the foregoing Answer on behalf of Lowe's Home Centers, Inc. was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Robert P. Brooks*

*442980_1.doc*