UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Zachary J. Zawatsky,

Plaintiff,

vs. CA 07 – 07-484 S

LOWE'S Home Centers, Inc.,

Defendant.

---

**Plaintiff's**

**Rule 16 Pretrial Conference Statement**

***Overtime Claims***

Zachary J. Zawatsky brings this action against Lowe's Home Centers to recover three (3) years of unpaid overtime compensation, liquidated damages, attorney fees, and costs pursuant to the provisions of the federal Fair Labor Standards Act. Because he worked for Lowe's in Rhode Island and Massachusetts, he also asserts parallel state law overtime claims pursuant to the Rhode Island Minimum Wage Act and the Massachusetts overtime laws (codified at MGL 151 §1A, *et. seq*.).

On the overtime claims, Zawatsky must prove the following elements to prevail:

| | Element | Authority | Status |
|---|---|---|---|
| 1 | Lowe's was an enterprise engaged in interstate commerce. (For the federal claims only.) | 29 USC §203(s)(1) | Admitted. |
| 2 | Lowe's employed Zawatsky. | 29 USC §207(a)(1) | Admitted. |
| 3 | Lowe's failed to pay Zawatsky at a rate equal to at least one and one-half (1½) times his regular hourly rate for the hours he worked each week in excess of 40. | 29 USC §207(a)(1)<br>RIGL 28-12-4.1<br>MGL 151 §1A | Denied. |
| 4 | To recover for the 3rd year of the alleged unpaid overtimes: Lowe's failure was a "willful" violation of the law. (Otherwise the recovery under federal law is limited to 2 years.) | 29 USC §255(a) | Denied. |

***Breach of Contract, Fraud and Negligent Representation Claims***

Zawatsky alleges the unpaid overtime reduced the amount of money he could contribute to his 401(k) plan, reduced the 'matching' amount Lowe's contributed to that 401(k) plan, and ultimately reduced the value of his 401(k) account. To recover his loses, he asserts breach of contract, and alternate fraud and negligent misrepresentation claims.

In order to prevail on these claims, Zawatsky must first prevail on his overtime claims and then he must prove the following additional elements:

| | Element | Authority | Status |
|---|---|---|---|
| Breach of Contract | | | |
| K 1 | Lowe's made enforceable promises to Zawatsky that it would pay him properly, that it would allow him to contribute a portion of his wages to a 401(k) plan, and that it would match a portion of his contributions. | Common Law | Denied. |
| K 2 | By underpaying Zawatsky, Lowe's broke those promises. | Common Law | Denied. |
| K 3 | Zawatsky suffered damages as a result. Specifically, he contributed less to his 401(k) plan, Lowe's therefore contributed less to his 401(k) plan, and his 401(k) plan grew less. | | |
| Fraud | | | |
| F 1 | Lowe's represented to Zawatsky that it would pay him properly, that it would allow him to make 401(k) contributions based on his proper pay, and that it would match a portion of his contributions. | Common Law | Denied. |
| F 2 | Zawatsky reasonably relied on Lowe's statements. | Common Law | Denied. |
| F 3 | Lowe's made the representations knowing they were false or with reckless disregard for their truth. | Common Law | Denied. |
| F 4 | Because he relied on Lowe's false representations, Zawatsky suffered damages. Specifically, he contributed less to his 401(k) plan, Lowe's therefore contributed less to his 401(k) plan, and his 401(k) plan grew less. | Common Law | Denied |

| Negligent Misrepresentation | | | |
|---|---|---|---|
| NM 1 | Lowe's represented to Zawatsky that it would pay him properly, that it would allow him to make 401(k) contributions based on his proper pay, and that it would match a portion of his contributions. | Common Law | Denied. |
| NM 2 | Zawatsky reasonably relied on Lowe's representations and they turned out to be false. | Common Law | Denied. |
| NM 3 | Lowe's made the representations without exercising due care regarding their truth or falsity. | Common Law | Denied. |
| NM 4 | Because he relied on Lowe's false representations, Zawatsky suffered damages. Specifically, he contributed less to his 401(k) plan, Lowe's therefore contributed less to his 401(k) plan, and his 401(k) plan grew less. | Common Law | Denied |

The Plaintiff,
By His Attorney,

/s/
______________________________

John T. Longo, Esq.
RI Bar #4928
MA BBO# 632387
681 Smith Street, Suite 201
Providence, RI 02908
(401) 272-2177
Fax (401) 537-9185
jtlongo@yahoo.com

**Certificate of Service**

I certify that on _3/4/08_ I electronically file this document with the Clerk of the federal District Court for the District of Rhode Island using the CM/ECF System. The following participants received notice electronically:

Robert Brooks, Esq.
Adler Pollock & Sheehan, PC
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax (401) 751-0604
rbrooks@apslaw.com

/s/ John T. Longo

______________________________
John T. Longo, Esq./#4928